# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| CYNTHIA E. GLENN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 11-4085-CV-C-FJG ) |
| MICHAEL J. ASTRUE, | ) ) |
| Defendant. | ) |

## ORDER

This is a proceeding under Title II of the Social Security Act and for supplemental security income benefits under Title XVI. 42 U.S.C. §§ 401 et seq. and 1381 et seq. Plaintiff's application for benefits were denied initially. Thereafter, plaintiff requested an administrative hearing. On July 9, 2009, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. Plaintiff then requested review by the Appeals Council. On February 18, 2011, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Eighth Circuit recently stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record

supports the Commissioner's decision, we may not reverse it because
substantial evidence exists in the record that would have supported a
contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006)(citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000)).

Plaintiff argues that the ALJ erred when she gave "controlling weight" to a nonmedical DDS reviewer's residual functional capacity assessment, and also erred by giving "some weight" to the non-examining, non-treating psychologist, but then rejecting the opinion of plaintiff's long-time treating psychiatrist. Additionally, plaintiff argues that the ALJ erred in relying on the testimony of a vocational expert whose opinion conflicted with the Dictionary of Occupational Titles and also erred in failing to consider the statements offered by third-parties. The Court agrees and finds that these errors require reversal and remand. Upon remand, the ALJ shall apply the correct legal standards when assessing the opinions of medical and non-medical sources and should consider all the evidence, including statements offered by third-parties.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 6) and the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Date: September 5, 2012          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri            Fernando J. Gaitan, Jr.
                                 Chief United States District Judge